JS - 6   **LINKS: 13 (12-1562); 12 (12-1564)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01562 GAF (MRWx) <br> CV 12-01564 GAF (MRWx) | Date | April 27, 2012 |
|---|---|---|---|
| Title | Cindy Leong v. Carrier IQ Inc et al <br> Carey Eckert v. Carrier IQ Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**      (In Chambers)

### ORDER RE: MOTIONS TO REMAND

Plaintiffs initiated this class action lawsuit in state court. Defendants removed to federal court on the basis of federal question jurisdiction. Defendants contend that the issues presented in this lawsuit are completely pre-empted by the Federal Wiretap Act. Plaintiffs contend that there is no controlling authority for that proposition, that the case is a local controversy that arises under the California Invasion of Privacy Act, and move to have the action remanded to state court. For reasons discussed in greater detail below, the Court concludes that the Federal Wiretap Act does not completely pre-empt the relevant field and that the motion is therefore meritorious.

**I.
INTRODUCTION & BACKGROUND**

These cases are identical putative class actions brought against Defendant Carrier IQ, Inc. ("Carrier IQ"), which developed and maintains a software that is installed on cell phones and surreptitiously records the user's keystrokes, text messages and passwords without the user's knowledge or consent. (Leong Docket No. 1, Eckert Docket No. 1 [Not. of Removal], Ex. A. [First Amend. Compl. ("FAC")] ¶ 2.) Plaintiffs allege that they are California residents who are victims of the secret harvesting of their cell phone communications. They contend that the secret, non-consensual collection of their private data violates California's Invasion of Privacy

JS - 6  LINKS: 13 (12-1562); 12 (12-1564)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01562 GAF (MRWx) <br> CV 12-01564 GAF (MRWx) | Date | April 27, 2012 |
|---|---|---|---|
| Title | Cindy Leong v. Carrier IQ Inc et al <br> Carey Eckert v. Carrier IQ Inc et al | | |

Act, Cal. Penal Code §§ 630 et seq., and constitutes an unlawful business practice within the meaning of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. (Id. ¶¶ 3, 5, 14, 19–21.).

The information supporting this lawsuit was apparently first disclosed in November 2011 when an individual posted on an Internet blog allegations that Carrier IQ's software, which is installed on various manufacturer's cell phones, collects the contents of cell phone users' electronic communications without their knowledge. (Leong Docket No. 16-1, Eckert Docket No. 13-1 [Second Newby Decl.] ¶ 1.) Since December 1, 2011, 72 federal class actions have been filed in more than 25 judicial districts naming Carrier IQ and various cell phone manufacturers as defendants and alleging similar claims under the Federal Wiretap Act, 18 U.S.C. §§ 2510 et seq., which is part of the 1986 Electronic Communications Privacy Act ("ECPA") ("Consumer Privacy Cases"). (Not. of Removal ¶ 4; Second Newby Decl. ¶ 2; Leong Docket No. 3, Eckert Docket No. 3 [Newby Decl.] ¶¶ 2–3.) Some of these cases include additional claims, based on the same underlying facts, for violations of the Stored Communications Privacy Act, 18 U.S.C. §§ 2701 et seq., and state privacy, consumer, and business laws. (Second Newby Decl. ¶ 2 n.1.) On December 2 and 9, 2011, the plaintiffs in two such cases filed separate motions with the U.S. Judicial Panel on Multidistrict Litigation ("JMPL") pursuant to 28 U.S.C. § 1407, to transfer and consolidate related actions to the Northern District of California or to the District Court of Delaware. (Second Newby Decl. ¶¶ 3–4; Newby Decl. ¶ 4.) On March 29, 2012, the MDL panel heard oral argument on these motions, and no party opposed transfer of the Consumer Privacy Cases to a single court for pre-trial coordination. (Second Newby Decl. ¶¶ 4–5; Newby Decl. ¶¶ 5–6.)

Plaintiffs filed the present actions in Los Angeles Superior Court on December 2, 2011 in the midst of this litigation flurry. Their original state court complaints alleged the same California law causes of action on behalf of a nationwide class. (Second Newby Decl. ¶ 7, Ex. A [Compl.] ¶ 22.) On December 6, 2011, Plaintiffs filed FACs alleging classes of California consumers only. (FAC ¶ 22.)[1] In February of 2012, Plaintiffs in each action filed declarations of dismissal of class action claims against all diverse defendants, leading to their dismissal from the actions. (Newby Decl. ¶¶ 9–10.) On February 23, 2012, Carrier IQ removed the actions to this Court, alleging federal question jurisdiction under 28 U.S.C. § 1331 on the basis that the

---

[1] At the same time, Plaintiff's counsel filed three other substantially similar class actions. (Second Newby Decl. ¶ 7.) On February 21, 2012, Plaintiffs filed a declaration in support of dismissal of these actions, and they were dismissed on February 28, 2012. (Id. ¶¶ 12, 20.)

JS - 6   **LINKS: 13 (12-1562); 12 (12-1564)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01562 GAF (MRWx) <br> CV 12-01564 GAF (MRWx) | Date | April 27, 2012 |
|---|---|---|---|
| Title | Cindy Leong v. Carrier IQ Inc et al <br> Carey Eckert v. Carrier IQ Inc et al | | |

Federal Wiretap Act completely preempts California's Invasion of Privacy Act. (Not. of Removal ¶ 7.) Plaintiffs now move to remand, arguing that the California law is not preempted. (Leong Docket No. 13; Eckert Docket No. 12.) Leong additionally argues that Defendant's removal was procedurally improper because it was made without the consent of Research in Motion Corporation, which remained a defendant in the state court action at the time of removal. (Leong Mem. at 6.) For the reasons discussed below, the Court **GRANTS** Plaintiffs' motions.

## II.
## DISCUSSION

### A. FEDERAL SUBJECT MATTER JURISDICTION BASED ON PREEMPTION: LEGAL STANDARD

"'Pursuant to the Supremacy Clause of the United States Constitution, federal law can preempt and displace state law through: (1) express preemption; (2) field preemption (sometimes referred to as complete preemption); and (3) conflict preemption.'" In re Google Inc. Street View Electronic Comm'ns Litig., 794 F. Supp. 2d 1067, 1084 (N.D. Cal. 2011) (quoting Ting v. AT&T, 319 F.3d 1126, 1135 (9th Cir. 2003)). "'Express preemption exists where Congress enacts an explicit statutory command that state law be displaced.'" Id. (same). Complete or field preemption may be found "when the federal statutory scheme is sufficiently comprehensive to infer that Congress left no room for supplementary regulation by the states." Public Utility Dist. No. 1 of Grays Harbor City Wash. v. IDACORP, Inc., 379 F.3d 641, 647 (9th Cir. 2004).

"In all cases, congressional intent to preempt state law must be clear and manifest." In re Cybernetic Servs., Inc., 252 F.3d 1039, 1046 (9th Cir. 2001). "Of the three types of preemption, only complete preemption confers federal question jurisdiction." Lane v. CBS Broadcasting, 612 F. Supp. 2d 623, 636 (E.D. Pa. 2009).

### B. APPLICATION

California's Invasion of Privacy Act makes it illegal to "willfully and without the consent of <u>all</u> parties to the communication, or in any unauthorized manner, read[], or attempt[] to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state." Cal. Penal Code § 631 (emphasis added). California's UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Liability for an unlawful business practice under the UCL is essentially derivative; that is, "[a]

JS - 6    **LINKS: 13 (12-1562); 12 (12-1564)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01562 GAF (MRWx)<br>CV 12-01564 GAF (MRWx) | Date | April 27, 2012 |
|---|---|---|---|
| Title | Cindy Leong v. Carrier IQ Inc et al<br>Carey Eckert v. Carrier IQ Inc et al | | |

defendant 'cannot be liable under § 17200 for committing unlawful business practices without having violated another law.'" Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1033 (N.D. Cal. 2010) (quoting Ingels v. Westwood One Broadcasting, Servs., Inc., 28 Cal. Rptr. 3d 933, 938 (Ct. App. 2005)).

     In its Notice of Removal, Carrier IQ argues that "[c]ourts in both the Central and Northern Districts of California have held that the Federal Wiretap Act, as amended by the ECPA in 1986, comprehensively regulates privacy claims concerning electronic communications." (Not. of Removal ¶ 7.) They cite to two district court cases finding complete preemption, but note two California Supreme Court cases and a district court case in the Northern District of California reaching the contrary conclusion. (Id.) Indeed, since 1974, the California Supreme Court and other state and federal district courts have come out strongly against preemption; Carrier IQ's cases are, by far, in the minority.

     Reviewing these cases, the Court is persuaded that the Federal Wiretap Act does not completely preempt state law. In those cases in which no preemption was found, the courts found that the Federal Wiretap Act "was not an attempt to occupy the field, but merely an attempt to establish minimum standards." Whitaker v. Garcetti, 291 F. Supp. 2d 1132, 1142 (C.D. Cal. 2003) (citing People v. Conklin, 12 Cal. 3d 259, 271 (1974)), rev'd on other grounds 486 F.3d 572 (9th Cir. 2007). Indeed, the 1968 Senate Report on the Act states that

> No applications (for interception of wire communications pursuant to Section 2516(2)) may be authorized unless a specific State statute permits it. The State statute must meet the minimum standards reflected as a whole in the proposed chapter. The proposed provision envisions that States would be free to adopt more restrictive legislation, or no legislation at all, but not less restrictive legislation.
>
> [. . .]
>
> The scope of the remedy is intended to be both comprehensive and exclusive, but there is no intent to preempt parallel State law.

S. Rep. No. 90-1097, at 2187, 2196 (1968); see Navarra v. Bache Halsey Stuart Shields Inc., 510 F. Supp. 831, 833 (D.C. Mich. 1981) (relying on Senate Report); Conklin, 12 Cal. 3d at 272 (same). By requiring the consent of all parties to the communication, save for law enforcement officers, California's Invasion of Privacy Act is actually more restrictive than the federal law.

JS - 6  LINKS: 13 (12-1562); 12 (12-1564)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01562 GAF (MRWx) <br> CV 12-01564 GAF (MRWx) | Date | April 27, 2012 |
|---|---|---|---|
| Title | Cindy Leong v. Carrier IQ Inc et al <br> Carey Eckert v. Carrier IQ Inc et al | | |

See Conklin, 12 Cal. 3d at 273.  Conklin concluded that

> Although Congress has declared that one of its purposes in enacting title III was to establish uniform, nationwide standards, this purpose . . . must be viewed in the light of congressional intent to ensure nationwide compliance with the [Berger v. New York, 388 U.S. 41 (1967)] and [Katz v. United States, 389 U.S. 347 (1967)] decisions. Such compliance can be achieved where state statutes meet the minimum standards provided in the federal act.

Id. at 272.

The 1986 Senate Report to the enactment of the ECPA states that

> [T]he provisions of chapter 119 of title 18 supersede state laws with respect to electronic communications.  Under chapter 119, the states must enact statutes which are at least as restrictive as the provisions of chapter 119 before they can authorize their state courts to issue interception orders.  Because of the substantial changes made by this act it is appropriate to grant the states sufficient time to modify their laws.  This special effective date rule gives the states two years to amend their laws to meet the new requirements of chapter 119.

S. Rep. No. 99-541, at 35 (1986).  Noting the rarity with which complete preemption applies, the District Court for the Eastern District of Pennsylvania in Lane v. CBS Broadcasting, Inc. concluded that the 1986 Senate Report "appears to demonstrate that, rather than leaving no room for supplementary state regulation, Congress expressly authorized states to legislate in this field.  Congress apparently wanted to ensure that states meet base-line standards, however, and thus federal law supersedes to the extent that state laws offer less protection than their federal counterparts."  612 F. Supp. 2d at 637.  Moreover, in Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95 (2006), the California Supreme Court did not observe "any developments in the almost four decades since Conklin that would warrant . . . reconsideration," and noted numerous sister-state and federal decisions that agreed that state wiretapping laws are not preempted.  Id. at 106; see also Valentine v. NebuAd, Inc., 804 F. Supp. 2d 1022, 1029 (N.D. Cal. 2011) (relying on Conklin and Kearney to find no complete preemption).  Thus, Carrier IQ's argument that "[w]ithout exclusive federal regulation, companies providing interstate services and operating internet services and telecommunications networks nationwide would be forced to comply with 50 conflicting state standards, in addition to the federal Wiretap Act—an infeasible and

JS - 6   **LINKS: 13 (12-1562); 12 (12-1564)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01562 GAF (MRWx) <br> CV 12-01564 GAF (MRWx) | Date | April 27, 2012 |
|---|---|---|---|
| Title | Cindy Leong v. Carrier IQ Inc et al <br> Carey Eckert v. Carrier IQ Inc et al | | |

impracticable result," is belied by the Federal Wiretap Act's legislative history, and the actual practice of the States during the past four decades since the statute's enactment. (Leong Docket No. 16, Eckert Docket No. 13 [Opp.] at 9.)

In the Court's view, the cases finding complete preemption are not persuasive. In Bunnell v. Motion Picture Ass'n of Am., 567 F. Supp. 2d 1148 (C.D. Cal. 2007), the court found that the ECPA expressly preempted California's Invasion of Privacy Act, relying on a provision, added in 1986, that states that

> The remedies and sanctions described in this chapter with respect to the interception of electronic communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications.

18 U.S.C. § 2518(10)(c); see Bunnell, 567 F. Supp. 2d at 1154. In this Court's view, that provision does not even impact the question of preemption, but rather focuses on the scope of available federal remedies when a violation of the statute has been established. Other courts agree and have persuasively argued that this provision, which appears as a subsection of a provision addressing suppression of wiretap evidence obtained in violation of the Act, neither (1) explicitly provides for the preemption of state law; nor (2) applies outside the suppression context. See In re Google Street View Electronic Comm'ns Litig., 794 F. Supp. 2d at 1085 n.12 ("The legislative history supports the proposition that the provision was appended to the ECPA solely to address suppression of evidence by criminal defendants."); Valentine, 804 F. Supp. 2d at 1029; In re National Security Agency Telecomm'ns Records Litig., 483 F. Supp. 2d 934, 939 (N.D. Cal. 2007) (this provision was "added to the ECPA for a limited purpose: to prevent criminal defendants from suppressing evidence based on electronic communications or customer records obtained in violation of ECPA's provisions").

Bunnell also found complete preemption, on the basis of the comprehensive nature of the legislation and the creation of a private right of action where the statute has been violated. 567 F. Supp. 2d at 1154 (citations omitted). The court in In re Google Inc. Street View reached the same conclusion on similar reasoning. 794 F. Supp. 2d at 1085. However, the analysis in these cases ignores the great weight of authority holding that one of the principal purposes of the federal statute was to establish minimum standards with which states must comply. In that regard, Bunnell and In re Google Inc. Street View reflect a marked departure from the preemption analysis of courts in this and other districts and circuits in the more than four decades since the Federal Wiretap Act was enacted. In light of the clarity of the 1968 and 1986

JS - 6   **LINKS: 13 (12-1562); 12 (12-1564)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01562 GAF (MRWx)<br>CV 12-01564 GAF (MRWx) | Date | April 27, 2012 |
|---|---|---|---|
| Title | Cindy Leong v. Carrier IQ Inc et al<br>Carey Eckert v. Carrier IQ Inc et al | | |

Senate Reports that the federal law is intended to establish minimum standards and not to preempt state laws that meet these standards; the long-standing view of the States and courts that States are free to enact legislation that is <u>more restrictive</u> than the federal law; and the rarity with which preemption applies, see <u>Bruesewitz v. Wyeth</u>, 561 F. 3d 233, 240 (3d Cir. 2009) ("When faced with two equally plausible readings of statutory text, we 'have a duty to accept the reading that disfavors preemption.'") (quoting <u>Bates v. Dow Agrosciences</u>, 544 U.S. 431, 449 (2005)), the Court concludes that the Federal Wiretap Act does not completely preempt California's Invasion of Privacy Act. Accordingly, federal subject matter does not exist in these actions, and the Court **GRANTS** Plaintiffs' motions for remand. It is therefore unnecessary to reach Leong's argument that the requirement that all defendants consent to removal was not met in her case.

## III.
## CONCLUSION

Based on the foregoing discussion, the Court **GRANTS** Plaintiffs' motions to remand. The hearings presently scheduled for **Monday, April 30, 2012**, are hereby **VACATED**.

**IT IS SO ORDERED.**